IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL J. BERRY and ROSALINDA BERRY, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:15-cv-3279-G-BN |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION and SETERUS, INC., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants Federal National Mortgage Association ("Fannie Mae"), and Seterus, Inc. ("Seturus"; collectively with Fannie Mae, "Defendants") have filed a Motion for Summary Judgment ("Motion"). *See* Dkt. No. 4. This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that Defendants' Motion should be granted.

**Procedural Background**

Plaintiffs Darryl J. Berry and Rosalinda Berry filed this lawsuit in Texas state court on October 2, 2015, seeking a declaratory judgment that Defendants are barred, by the statute of limitations, from foreclosing on property located in Dallas, Texas (the "Property"). *See* Dkt. No. 1-1 at 9 of 94, ¶¶ 13-14. Defendants answered and pleaded

as an affirmative defense that "Plaintiffs agreed that any applicable tolling period affecting Defendants' foreclosure rights would be tolled during the pendency of their appeal in *Berry et al. v. Federal National Mortgage Association et al.*, Appeal No. 14-10474, United States Court of Appeals for the Fifth Circuit ('the Appeal'). Pursuant to this tolling agreement, any limitations period, presuming one even applies, is not expired." Dkt. No. 1-1 at 85-86 of 94.

Defendants then removed the case and immediately moved for summary judgment. *See* Dkt. No. 1; Dkt. No. 4. In support of their Motion, Defendants contend that, while they "dispute that any foreclosure period applies because, among other things, a final judgment was previously obtained in prior litigation allowing foreclosure to occur, Plaintiffs in that prior litigation also agreed in writing to extend any applicable limitations period during the pendency of their appeal in that case," and the United States Court of Appeals for the "Fifth Circuit has expressly held that tolling agreements, formal and informal, oral or written, between the borrower and lender are effective to extend the time by which foreclosure must occur." Dkt. No. 5 at 1-2.

Plaintiffs filed an amended response to the Motion, *see* Dkt. No. 17, and Defendants filed a reply, *see* Dkt. No. 26.

**Factual Background**

On November 29, 2007, Plaintiffs executed a mortgage note (the "Note") and deed of trust (the "Deed of Trust"), which secured the payments owed under the Note with the Property. *See* Dkt. No. 1-1 at 16, 19-35 of 94. The Deed of Trust authorizes Defendants to accelerate payment of the Note upon Plaintiffs' default. *See id.* at 31 of

94. The Deed of Trust also provides that "[a]ny forbearance by [Defendants] in exercising any right or remedy ... shall not be a waiver of or preclude the exercise of any right or remedy." *Id*. at 28 of 94. The undersigned will refer to the Note and Deed of Trust collectively as the "Loan."

After Plaintiffs defaulted on the Loan, the Loan's servicer sent, on February 17, 2011, a notice of default, which warned that a "[f]ailure to cure the default will result in acceleration." *Id*. at 36 of 94. On April 3, 2011, Plaintiffs received a notice of acceleration. *See id*. at 38 of 94. The Loan was subsequently assigned to Defendant Fannie Mae and serviced by Defendant Seterus. *See id*. at 8, 40 of 94.

On November 17, 2014, Plaintiffs' counsel emailed Defendants' counsel asking for an extension of their reply brief deadline in their appeal of *Berry, et al., v. Federal National Mortgage Association, et al.*, No. 3:11-cv-1288-L (N.D. Tex.) (the "Appeal"). *See* Dkt. No. 6-1 at 8. Defendants' counsel countered by asking if, "[s]ince we don't know how long the appeal will taken," Plaintiffs would "agree that any limitation period by which foreclosure is to occur is tolled during the pendency of the [Appeal]." *Id*. In a November 18, 2014 email, Plaintiffs' counsel agreed to toll the limitations period affecting Defendants' ability to foreclose during the pendency of Plaintiffs' Appeal. *See id*. ("We will agree that the limitations period for foreclosure be tolled during the pendency of the [Appeal].").

The Appeal concluded on May 27, 2015. *See id*. at 28-39.

Plaintiffs filed this case on October 2, 2015. *See* Dkt. No. 1-1. Defendants then recorded the tolling agreement in the public record on October 8, 2015. *See id*. at 6-9.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540

(5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indent. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

While the Local Rules in this district do not require the parties to submit statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiffs do not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-cv-92-J, 2004 WL 2847463, at *1 n. 2 (N.D. Tex. Dec. 10, 2004).

### Analysis

The only disputed question at issue on Defendants' Motion is whether Defendants have met their summary judgment burden to establish, as to their affirmative defense, that the Parties' tolling agreement is effective.

Under Texas law, foreclosure of a real property lien must be made within four years from the day that the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE §§16.035(a), (d). "If a note or deed of trust secured by real property contains an optional acceleration clause," a foreclosure "cause of action accrues only when the holder actually exercises its option to accelerate ... [by sending a] notice of intent to accelerate, and notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see also Boren v. U.S. Nat'l Bank Ass'n*, ___ F.3d ___, 2015 WL 6445721, at *2-*3 (5th Cir. Oct. 26, 2015).

In this case, foreclosure accrued on April 3, 2011. Dkt. No. 1-1 at 38 of 94. The deadline to foreclose therefore would have been April 3, 2015.

But parties "may suspend the running of the four-year limitations period for real property liens through a written extension agreement as provided by" Texas Civil Practice and Remedies Code § 16.036. TEX. CIV. PRAC. & REM. CODE § 16.036(a). Section 16.036(b) provides that "[t]he limitations period is suspended and the lien remains in effect for four years after the extended maturity date of the debt or obligation if the extension agreement is: (1) signed and acknowledged as provided by law for a deed conveying real property; and (2) filed for record in the county clerk's office of the county where the real property is located." *Id.* § 16.036(b). And "[t]he parties may continue to extend the lien by entering, acknowledging, and recording additional extension agreements." *Id.* § 16.036(c).

There is no dispute that, on November 18, 2014 – before limitations expired – Plaintiffs' counsel agreed with Defendants' counsel to toll limitations. *See* Dkt. No. 6-1

at 8; Dkt. No. 18 at 6 ("As an initial matter, Plaintiffs do not dispute that their counsel agreed via e-mail with Defendants' counsel to toll the limitations period during the pendency of the appeal in Appeal No. 14-1047, *Berry et al. v. Federal National Mortgage Association, et al.*, United States Court of Appeals for the Fifth Circuit."); Dkt. No. 19-2 at App. 28 ("During the appeal before the United States Court of Appeals for the Fifth Circuit, Plaintiffs' counsel and Defendants' counsel agreed via e-mail to toll the limitations period during the pendency of the appeal."). Neither does Plaintiff dispute that, if the tolling agreement was effective, where the Appeal was pending for over thirteen months, any applicable limitations period could not expire until May 2016. *See* Dkt. No. 5 at 4.

Plaintiffs instead argue that the tolling agreement was not effective because it did not comply with the statutory requirements of Section 16.036. *See* Dkt. No. 13 at 11. Specifically, Plaintiffs complain that Defendants "never provided [them] with the requisite documents" and did not record the tolling agreement until October 8, 2015. Dkt. No. 18 at 6. Plaintiffs' counsel submitted a declaration that asserts, without more, that "Defendants never provided a written agreement for Plaintiffs to sign that included a description of the property and all solemnities of a real property conveyance" and that, "[t]herefore, Plaintiffs[] never signed and acknowledged any agreement that extended the limitations on the real property lien." Dkt. No. 19-2 at App. 28; *see also* Dkt. No. 18 at 6.

But, although Section 16.036 provides that the limitations period is suspended if the tolling agreement is signed, acknowledged, and filed for record, the statute does

not require that one party provide any specific document to the other party or establish a deadline for recording an agreement. *See* TEX. CIV. PRAC. & REM. CODE § 16.036. Further, Plaintiffs provide no authority that suggests that Defendants were required to provide specific documentation or to record before October 2015 for the agreement to be effective as between the parties to the agreement. *See generally Brown*, 337 F.3d at 541 (unsupported assertions are not sufficient to defeat a motion for summary judgment).

But, even if Plaintiffs could show that Defendants failed to comply with Section 16.036's standards, Defendants have met their burden to show, as a matter of law, that the parties' tolling agreement is enforceable.

"The purpose of the statutory requirement [in Section 16.036] is to protect good-faith purchasers or subsequent lienholders of the real property who have no notice or knowledge of the extension agreement." *Salvagio v. Madison Realty Capital, L.P.*, Civ. A. H-11-2183, 2011 WL 2559371, at *6 (S.D. Tex. June 27, 2011). Plaintiffs are parties to the tolling agreement, not subsequent purchasers or lienholders without notice or knowledge. *See* Dkt. No. 6-1 at 8; Dkt. No. 18 at 6; Dkt. No. 19-2 at App. 28. And the Fifth Circuit has explained that tolling agreements are effective against the parties that entered into it, regardless of whether the agreement complies with Section 16.036's requirements. *See Davidson v. F.D.I.C.*, 44 F.3d 246, 254-55 (5th Cir. 1995) ("To be sure, Texas law strives to protect from secret tollings or extensions the unknowing bona fide purchaser who acquires the land when the limitations period on the debt has facially expired. However, as between the parties, and those holding

under them in subordination to the mortgage, informal, unrecorded extensions of the debt, not meeting the standards of section 16.036, suffice also to extend the lien." (citations omitted)).

Plaintiffs' amended response acknowledges *Davidson* but cites Texas state appellate court decisions predating *Davidson*, as well as a bankruptcy court decision predating *Davidson*, to support their assertion that courts are split on whether strict compliance with Section 16.036 is necessary to effectuate a tolling agreement. *See* Dkt. No. 18 at 7-8. But, even the bankruptcy court decision that Plaintiffs cites holds that unrecorded tolling agreements are effective against the parties that executed the agreement. *In re Bruce*, 96 B.R. 717, 719 (Bankr. W.D. Tex 1989) (holding that unrecorded waivers are enforceable except against third parties). And, regardless, in the absence of a subsequent state court decision or statutory amendment that makes *Davidson* clearly wrong, this Court is required to follow *Davidson*'s interpretation of Texas state law on agreements to toll limitations regardless of any alleged existing confusion in Texas law. *See Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 270 n.4 (5th Cir. 2003); *accord Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) ("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders our prior decision clearly wrong.").

Plaintiffs also cite to a recent, unpublished Fifth Circuit opinion, *Milton v. U.S. Bank National Association*, 508 F. App'x 326 (5th Cir. 2013), to contend that agreements to toll foreclosure limitations must strictly comply with Section 16.036

notwithstanding what Plaintiffs describe as the Fifth Circuit's "problematic" holding in *Davidson* that allegedly "is contradictory to its other, more recent holdings." *See* Dkt. No. 18 at 9. But *Milton* does not discuss tolling limitations or Section 16.036. *Milton* involves an alleged oral agreement to delay defendant's foreclosure of a property. *See Milton*, 508 F. App'x. at 328. An agreement to delay foreclosure within the limitations period is not the same as an agreement to toll the statute of limitations governing the time in which a party is able to foreclose. The former agreement protects the non-foreclosing party's interests and is subject to the statute of frauds. *See id.* at 328. The latter preserves the foreclosing party's rights and remedies and is governed by, but, under *Davidson*, need not strictly comply with, Section 16.036. *See Davidson*, 44 F.3d at 254-55. Therefore, *Milton* does not contradict *Davidson* because these opinions do not discuss the same issue. And, even if *Milton* were on point, a subsequent, unpublished Fifth Circuit decision would not affect this Court's obligation to follow Fifth Circuit's prior, on-point interpretation of Texas law in its published opinion in *Davidson*.[1]

---

[1] *See Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 560 n.3 (5th Cir. 2015) ("Although this court once implied that both frivolousness and improper purpose are necessary, that decision was unpublished. Unpublished opinions are not binding on this court. Further, *Medica Rents*'s holding is inconsistent with this court's earlier published decision in *Baker*, which allows recovery when a party has abused the judicial process. Because no panel of this court can overrule a prior decision, our earlier published decision in *Baker* remains the law in this circuit." (citations omitted)); *Martin v. Medtronic, Inc.*, 254 F.3d 573 (5th Cir. 2001) ("[A] panel of this court can only overrule a prior panel decision if such overruling is unequivocally directed by controlling Supreme Court precedent." (internal quotation marks omitted)); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this

The Court should therefore follow the binding Fifth Circuit authority in *Davidson* and hold that the tolling agreement is effective.

Further, Plaintiffs have not met their burden to show that the tolling agreement lacked consideration. Plaintiffs contend that there would be no consideration for the tolling agreement "[i]f, as it appears from the e-mail exchange, Defendants' counsel never actually agreed to extend [Plaintiffs' deadline to file a reply brief in the Appeal]." Dkt. No. 18 at 12. Although the Court is required in resolving Defendants' Motion to view all facts, draw all reasonable inferences, and resolve all disputed factual controversies in Plaintiffs' favor, Plaintiffs have not presented any facts or reasonable inferences to support a conclusion that Defendants' affirmative defense based on the tolling agreement fails for lack of consideration. Plaintiffs do not actually allege or present any evidence that the tolling agreement lacked consideration or that Defendants' counsel did not agree to extend Plaintiffs' reply deadline when asking, in response to Plaintiffs' counsel request for such an extension, if Plaintiffs would agree to toll the limitations period, to which Plaintiffs' counsel agreed. *See* Dkt. No. 6-1 at 8. Instead, Plaintiffs merely state that consideration would fail <u>if</u> Defendants did not agree to extend the reply deadline. *See* Dkt. No. 18 at 12. Lack of consideration – even assuming it applies as an unpleaded counter-defense to a defense based on a tolling

---

court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."); *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999) (explaining that a Fifth Circuit "panel is bound by the precedent of previous panels absent an intervening Supreme Court case explicitly or implicitly overruling that prior precedent").

agreement in this context – is an affirmative defense on which Plaintiffs bear the burden. *See* TEX. R. CIV. P. 94; *Kaye/Bassman Intern. Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 814 (Tex. App. – Dallas 2010, pet. denied); *Lakeway Co. v. Leon Howard, Inc.*, 585 S.W.2d 660, 662 (Tex. 1979). Plaintiffs' hypothetical, conclusory assertion does not show that the tolling agreement lacked consideration or that there is a genuine and material factual dispute that precludes summary judgment as a matter of law in Defendants' favor on their tolling agreement defense. *See generally Brown*, 337 F.3d at 541 (unsupported speculation is not sufficient to defeat a motion for summary judgment.).

Neither is the tolling agreement barred by the statute of frauds under Texas Business and Commerce Code § 26.02, as Plaintiffs contend. *See* Dkt. No. 18 at 12-14. The statute of frauds requires that loan agreements be "signed by the party to be bound or by that party's authorized representative." *See* TEX. BUS.& COMM. CODE § 26.02(b); *see also id.* § 26.02(a)(2) ("'Loan agreement' means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation."). Plaintiffs assert that the tolling agreement does not comply with the statue of frauds because it was not signed by Plaintiffs as the parties to be bound. *See* Dkt. No. 18 at 14. But Plaintiffs have not met their burden of showing that the tolling agreement is subject to the statute of frauds

– which is an affirmative defense. Although Plaintiffs correctly state that agreements to postpone, delay, or forego foreclosure are subject to the statute of frauds, Dkt. No. 18 at 18 (citing *Johnson v. Wells Fargo Bank*, NA, 999 F. Supp. 2d 919, 928 (N.D. Tex. 2014)), the tolling agreement in this matter is not an agreement to postpone, delay, or forego foreclosure (a promise that would be to Plaintiffs' benefit) and therefore an agreement to modify an existing loan agreement – it is an agreement, to Defendants' benefit, to allow Defendants to foreclose within an extended period of time.

Plaintiffs do not dispute that Texas Civil Practice & Remedies Code § 16.036 governs agreements like this. *See, e.g., id.* at 4. And, in *Davidson*, the Fifth Circuit held that an agreement to toll foreclosure limitations, enforced against a party to that agreement, does not need to comply with the provisions set forth in Section 16.036, which provides that tolling agreements be signed. *See Davidson*, 44 F.3d at 254-55 ("[A]s between the parties ... extensions of the debt, not meeting the standards of section 16.036, suffice also to extend the lien."). Here, Plaintiffs' counsel and Defendants' counsel agreed in writing via e-mail to toll the limitations period during the pendency of the Appeal, including through an email sent by Plaintiffs' counsel. *See* Dkt. No. 6-1 at 8; Dkt. No. 18 at 6; Dkt. No. 19-2 at App. 28. But the Court need not resolve whether that satisfies Section 26.02(b)'s requirements that an agreement be "in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS.& COMM. CODE § 26.02(b). Where, under *Davidson*, a tolling agreement is not required to formally comply with Section 16.036's signing, acknowledgment, and recording requirements to be effective against Plaintiffs, the

statute of frauds does not render the parties' informal tolling agreement ineffective. *Cf. Wells v. Bank of Am., N.A.*, 3:13-cv-3658-M, 2015 WL 4269089, at *6 (N.D. Tex. July 14, 2015) (holding by analogous reasoning, in a distinct but related context, that "[t]here is no requirement that an abandonment of acceleration be in writing, however, and it is not subject to the statute of frauds since the parties can accomplish abandonment by their actions alone").

Plaintiffs' argument that the tolling agreement fails because Defendants are not bound to the agreement is unsupported and likewise fails. Plaintiffs attempt to repudiate the tolling agreement by arguing that Defendants never intended to be bound to the agreement. *See* Dkt. No. 18 at 11. Again, there is no dispute that, after Defendants' counsel asked, Plaintiffs' counsel agreed to toll limitations and intended to be bound by that agreement. *See id.* at 6 ("As an initial matter, Plaintiffs do not dispute that their counsel agreed via e-mail with Defendants' counsel to toll the limitations period during the pendency of the appeal in Appeal No. 14-1047, *Berry et al. v. Federal National Mortgage Association, et al.*, United States Court of Appeals for the Fifth Circuit. In e-mailing their agreement, Plaintiffs' counsel did not intend to trick or induce Defendants' counsel into an agreement only to go back on the agreement at a later date (App'x 0027-0028)."). There is no genuine dispute of material fact that that exchange constitutes an offer and acceptance. *See Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x. 548, 552 (5th Cir. 2012).

Plaintiffs nevertheless argue that the tolling agreement is not effective because Defendants did not intend to be bound by the agreement or to forbear from foreclosure.

*See id.* at 11-12. But there is no allegation that the parties entered an agreement to forbear foreclosure. *Cf. Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 355-56 (Tex. App. – Houston [1st Dist.] 2012, no pet.) ("Suspension of the statute of limitations does not concern the acceleration of a note or the abandonment of that acceleration"). And, unlike in *Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x. 548, 554 (5th Cir. 2012), a valid, enforceable agreement to extend or toll limitations in this context does not, under *Davidson*, require strict compliance with any requirement to sign or record the agreement, *see* 44 F.3d at 254-55. Plaintiffs' argument that the tolling agreement is unenforceable because "there is no indication from Defendants that they would be bound by an agreement and forbear from foreclosing" and because "Defendants did not sign the purported agreement" fail as a matter of law.

Finally, the Deed of Trust does not prevent Defendants from entering into a tolling agreement. Plaintiffs argue that the Deed of Trust disallows Defendants from forbearing foreclosure. *See* Dkt. No. 18 at 11, 14-16. According to the Deed of Trust, Defendants do not waive their rights or remedies if they forbear in exercising any right or remedy. *See* Dkt. No. 1-1 at 28 of 94. Plaintiffs argue that, because no action by Defendants would waive their right to foreclose, they could not agree to forbear foreclosure "in exchange for tolling the limitations period." Dkt. No. 18 at 15.

But the summary judgment evidence shows that Plaintiffs requested an extension to file their reply in the Appeal and not a foreclosure forbearance – and that Defendants did not agree to waive their right to foreclose. *See* Dkt. No. 6-1 at 8. The Deed of Trust, by its terms, does not prohibit Defendants from extending appeal

briefing deadlines or agreeing with Plaintiffs to extend the time in which Defendants can exercise their rights and remedies to foreclose. *Cf. Wells*, 2015 WL 4269089, at *6 ("The deed of trust does not preclude Defendant from abandoning an acceleration of the loan. It simply provides Defendant with a reservation of rights if it chooses to refrain from exercising a right or remedy under the deed of trust. Abandonment of acceleration and waiver of acceleration are different issues."); *Mendoza v. Wells Fargo Bank, N.A.*, No. H-14-SS4, 2015 WL 338909, at *4 (S.D. Tex. Jan. 23, 2015) ("Abandonment of a prior acceleration and waiver of future acceleration are separate issues, however. Plaintiffs point to no authority, and the court is aware of none, construing an anti-waiver provision in a deed of trust as barring abandonment of acceleration." (citation omitted)). Further, the Deed of Trust and the tolling agreement both preserve Defendants' ability to foreclose, and so there was no need for Defendants to repudiate the Deed of Trust's non-waiver clause when entering into a tolling agreement. Plaintiffs present no evidence or argument that suggests that the Deed of Trust invalidates the Parties' agreement to toll limitations.

The undersigned concludes that Defendants have established the essential elements of their affirmative defense based on the parties' tolling agreement and that, even viewing all facts, drawing all reasonable inferences, and resolving any disputed factual controversies in Plaintiffs' favor, Defendants are entitled to summary judgment as a matter of law on this complete defense to Plaintiffs' request for a declaratory judgment that Defendants are barred, by the statute of limitations, from foreclosing on the Property. *See* Dkt. No. 1-1 at 9-11, 85-86 of 94.

**Recommendation**

The Court should grant Defendants Federal National Mortgage Association and Seterus, Inc.'s Motion for Summary Judgment [Dkt. No. 4] and dismiss Plaintiffs Darryl J. Berry and Rosalinda Berry's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE